UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAURICE J. BERNARD,

    Plaintiff,

v.

KELLY MITCHELL, et al.,

    Defendants.

Case No. 14-cv-05289-VC

**ORDER DENYING MOTION FOR INJUNCTIVE RELIEF AND DIRECTING PLAINTIFF TO FILE COMPLAINT**

Re: Dkt. No. 1

    Plaintiff Maurice J. Bernard, an inmate at San Quentin State Prison, initiated this action by filing a motion for a preliminary injunction. Although the Clerk of the Court has directed him to file a complaint on the Court's civil rights complaint form, he has not done so. Bernard has also filed a motion to proceed *in forma pauperis* ("IFP"). The motion to proceed IFP is granted in a separate order.

    In his motion for a preliminary injunction, Bernard indicates that he "faces a real threat of pain, suffering and irreparable harm if he is forced to climb into a higher (upper) bunk, with the injuries to his left knee." From his allegations, it appears that he has lower bunk status now, but seeks an order "prohibiting the defendants from moving him to an upper bunk." He doesn't specify his injuries, but refers to his Exhibits A and B. The Court has reviewed these exhibits and has learned only that Bernard has a history of left knee surgeries. This is insufficient to specify his medical condition. For many reasons Bernard's motion for a preliminary injunction is denied.

    To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The moving party bears the burden of meeting all prongs of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

    A motion for a preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). Immediate injunctive relief in the

form of a TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b).

Bernard has not satisfied the requirements for issuance of a TRO and, prior to granting a preliminary injunction, notice to the adverse party is required. Furthermore, the allegations in the motion fail to state a cognizable claim for relief. Accordingly, the motion for a preliminary injunction is denied. However, denial is without prejudice to Bernard restating it as a request for injunctive relief when he files a civil rights complaint, which he must do in order to continue with this action.

Although the allegations in the motion fail to state a cognizable claim, they show that Bernard may be attempting to state a claim under the Eighth Amendment for deliberate indifference to his serious medical needs or a claim under the Americans with Disabilities Act ("ADA") for failing to accommodate a disability.

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official acts with deliberate indifference if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Therefore, to state a cognizable Eighth Amendment claim, Bernard must allege that he has a serious medical condition and must specify how each individual defendant denied, delayed or interfered with the treatment of his medical condition.

Title II of the ADA, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42

U.S.C. § 12132.  To allege a claim for a violation of Title II of the ADA, a plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  The public entity, rather than any individual officer, would be the proper defendant for an ADA claim.

For Bernard to state a cognizable ADA claim, he must name his prison as a defendant and his allegations must meet the above-stated requirements.

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. Bernard's motion for a preliminary injunction is denied, without prejudice to reasserting it as a request for injunctive relief in his civil rights complaint.

2. In order to continue with this action, Bernard must file a complaint on the Court's civil rights complaint form, using the case number of this action, C 14-5289 VC (PR).  In completing his complaint, he is advised to consider the requirements for alleging a cognizable claim discussed above.  Bernard must file a completed civil rights complaint within twenty-eight days from the date of this order.  If he fails to so so within this time, his action will be dismissed for failure to prosecute.

3. The Clerk of the Court shall mail to Bernard the Court's civil rights complaint form.

4. This Order terminates docket number 1.

**IT IS SO ORDERED**.

Dated: April 8, 2015

_____
VINCE CHHABRIA
United States District Judge

3